

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00233-CV

**LAURA CORINA MARTINEZ TOVAR,**

**Appellant**

**v.**

**LIBERTY COUNTY MUTUAL INSURANCE COMPANY,**

**Appellee**

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. DC-C202300317**

## MEMORANDUM  OPINION

Appellant Laura Corina Martinez Tovar attempts to appeal from the trial court's

"Order Granting Defendant Liberty's Rule 91a Motion to Dismiss," signed on June 17,

2024.  The order provides as follows:

On this day, the Court considered Liberty's Rule 91a Motion to Dismiss and the arguments of counsel.  The Court is of the Opinion that Liberty's Motion should be **GRANTED**.

**IT IS THEREFORE, ORDERED ADJUDGED AND DECREED** that Plaintiff's claim against Defendant Liberty County Mutual Insurance Company (wrongly named "Liberty County Mutual Insurance Company

Safeco Insurance") is dismissed with prejudice and Plaintiff shall pay Liberty's costs in the amount of $7,500.

The order does not mention Martinez Tovar's claim(s) against defendant Robert Belk.

This Court has no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012. No statute authorizes an appeal from an interlocutory order granting a rule 91a motion to dismiss. *See Tamborello v. Town of Highland Park*, No. 05-20-00755-CV, 2021 WL 1540653, at *1 (Tex. App.—Dallas Apr. 20, 2021, no pet.) (mem. op.).

In a letter dated August 14, 2024, the Clerk of the Court notified Martinez Tovar that this appeal was subject to dismissal because it appeared that there was no final judgment. The Clerk of the Court further notified Martinez Tovar that unless she showed grounds for continuing this appeal within fourteen days of the letter, the appeal may be dismissed.

Martinez Tovar filed a response in which she provided the Court with a copy of the trial court's June 17, 2024 "Order Granting Defendant Liberty's Rule 91a Motion to Dismiss" and stated that it is the final order in the case. "[C]ourts will deem a judgment without a trial to be final '(1) [when the judgment] actually disposes of every pending claim and party or (2) [when] it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so.'" *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curiam) (quoting *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam)). The "Order Granting Defendant Liberty's Rule

91a Motion to Dismiss" does not dispose of Martinez Tovar's claim(s) against defendant Robert Belk, nor does the order state that it finally disposes of all claims and parties. Therefore, we cannot deem it a final judgment. *See id.*

Accordingly, we must dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Dismissed
Opinion delivered and filed August 29, 2024
[CV06]

